IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| DOUGLAS JAMES WANNEMACHER and JAMIE WANNEMACHER, <br><br> Plaintiffs, <br><br> -versus- <br><br> LIBERTY MUTUAL INSURANCE COMPANY, SAFECO INSURANCE COMPANY, MONTGOMERY INSURANCE COMPANY and PEERLESS INSURANCE COMPANY, <br><br> Defendants. | C.A. NO.: <br><br> **PETITION FOR REMOVAL** |

TO:   UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA AND ALL PARTIES AND ATTORNEYS OF RECORD:

YOU WILL PLEASE TAKE NOTICE that the Defendants, Liberty Mutual Insurance Company, Safeco Insurance Company, Montgomery Insurance Company, and Peerless Insurance Company (collectively "Defendants"), do hereby invoke the removal jurisdiction of the United States District Court for the District of South Carolina on the following grounds:

**FIRST:** On or about February 23, 2015, the Plaintiffs named above filed a civil action against the above captioned Defendants in the Circuit Court of Greenville County, South Carolina, as Case No. 2015-CP-23-1341. The Defendants were thereafter served on February 25, 2015, through the South Carolina Department of Insurance. The Defendants now file and present this Notice of Removal within thirty (30) days after receipt by the Defendants of the filed Summons and Complaint as required by 28 U.S.C. § 1446.

**SECOND:** This action is removable to the United States District Court based upon 28 U.S.C. § 1441. The Defendants are informed and believe that the above described action is a civil action

over which this Court has jurisdiction by way of diversity pursuant to 28 U.S.C. § 1332 in that it is a civil action wherein the matter in controversy upon information and belief exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states and is one which may be removed to this Court by the Defendants pursuant to 28 U.S.C. § 1441. This Court has supplemental jurisdiction over all claims asserted by Plaintiffs pursuant to 28 U.S.C. § 1367.

The Plaintiffs' Complaint does <u>not</u> seek to limit its damages below the jurisdictional threshold. The lawsuit asserts two causes of action (declaratory judgment and equitable relief). The Complaint alleges that the Plaintiff Douglass Wannemacher suffered a permanent impairment to his neck and shoulder, lost income and has incurred $140,000.00 in medical expenses, and will likely continue to incur medical expenses. The Defendants affirmatively plead that it cannot be said to a "legal certainty" that the amount in controversy is less than $75,000.00, thus, making this matter removable. <u>Wiggins v. North American Equitable Life Assurance Co.</u>, 644 F.2d 1014, 1017 (4th Cir. 1981). In fact, it appears that the amount in controversy is satisfied by the face of the Complaint. Further, attorneys fees, when recoverable, may be included as consideration for the amount in controversy. <u>Manguno v. Prudential Property & Cas. Ins. Co.</u>, 276 F.3d 720, 723-24 (5th Cir. 2002); <u>Spielman v. Genzyme Corp.</u>, 251 F.3d 1, 7 (1st Cir. 2001); <u>Momin v. Maggiemoo's International, LLC</u>, 205 F. Supp.2d 506 (D. Md. 2012)(noting the Fourth Circuit has not "articulated the precise standard to be applied"). Further, actions by the Plaintiffs, if any, post removal do not divest the Court of jurisdiction. <u>St. Paul Mercury Indemnity Co, v. Red Cab Co.</u>, 303 U.S. 283 (1938).

**THIRD:** Copies of all process, pleadings and orders served upon the Defendants in this action are attached hereto collectively as Exhibit A and are incorporated herein by referenced.

**FOURTH:** Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the Defendants right to assert any defense, including, but not limited to those defenses available under Rule 12 of the Federal Rules of Civil Procedure or otherwise.

**FIFTH:** Pursuant to 28 U.S.C. § 1446(b), this Notice of and Petition for Removal is being filed within one (1) year after the date of the commencement of the original action.

**SIXTH:** The Defendants are providing the Clerk of Court from which this action was removed with a copy of this Notice of and Petition for Removal.

WHEREFORE, Defendants pray that this Honorable Court accept this Notice of and Petition for Removal and hereby undertake jurisdiction in the above-entitled cause of action now pending in the Court of Common Pleas for the County of Greenville, State of South Carolina, that the same be removed to this Honorable Court and that all proceedings in said case in the Court of Common Pleas for the County of Greenville, State of South Carolina, be stayed.

Dated this 23rd of March, 2015

WALL TEMPLETON & HALDRUP, P.A.

s/ Morgan S. Templeton
Morgan S. Templeton  (Fed ID # 7187)
Taylor H. Stair (Fed ID # 10499)
145 King Street, Suite 300
Post Office Box 1200
Charleston, South Carolina 29402
(843) 329-9500
Attorneys for Defendants