# EXHIBIT "A"

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF GREENVILLE | ) | |
| | ) | |
| Douglas James Wannemacher and Jamie Wannemacher, | ) ) | CIVIL ACTION COVERSHEET 2015-CP-23-01341 |
| Plaintiffs | ) ) | |
| vs. | ) ) | 2015-CP - 23- |
| Liberty Mutual Insurance Company, Safeco Insurance Company, Montgomery Insurance Company, and Peerless Insurance Company | ) ) ) ) | FILED-CLERK OF COURT GREENVILLE CO. S.C. PAUL B. WICKENSIMER 2015 FEB 23 PM 12:54 |
| Defendants | ) | |

Submitted By: Richard V. Davis, Esq.  
Address: PO Box 332  
Greenville, SC 29602  

SC Bar #: 1589  
Telephone #: 864-232-7363  
Fax #: 864-370-3731  
Other:  
E-mail: rdavis@christiananddavis.com  

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☐ JURY TRIAL demanded in complaint.   ☒ NON-JURY TRIAL demanded in complaint.  
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.  
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.  
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☒ Breach of Contract (140) | 20____-NI-____-____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _[signature]_   Date: February 23, 2015

SCCA / 234 (01/2010)   Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
)
COUNTY OF GREENVILLE ) C.A. No.: 2015-CP-23-01341
)
Douglas James Wannemacher and )
Jamie Wannemacher, )
)
    Plaintiff, )
) **SUMMONS**
) **(Declaratory Relief Pursuant to Rule 57,**
v. ) **Section 15-53-10 and Equitable Relief)**
)
Liberty Mutual Insurance Company, )
Safeco Insurance Company, )
Montgomery Insurance Company, )
And Peerless Insurance Company )
)
    Defendant(s). )
)

TO THE DEFENDANT(S) ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Plaintiff upon the subscriber, at his office at 1007 East Washington Street, Greenville, South Carolina, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                                CHRISTIAN & DAVIS
                                                                Attorneys at Law
                                                                Post Office Box 332
                                                                Greenville, South Carolina 29602
                                                                (864) 232-7363

                                                                _/s/ Richard V. Davis_
Greenville, South Carolina                      Richard V. Davis
Date: February 23, 2015                         Attorney for Plaintiff
                                                                 S.C. Bar No.: 1589

*[Filed stamp: FILED-CLERK OF COURT, GREENVILLE CO. S.C., PAUL B. WICKENSIMER, 2015 FEB 23 PM 12:54]*

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE ) | C.A. No. 2015-CP-23-0 1341 |
| ) | |
| Douglas James Wannemacher and ) Jamie Wannemacher, ) | **Complaint** (Declaratory Relief Pursuant to Rule 57/ Section 15-53-10 and Equitable Relief) |
| Plaintiffs, ) ) v. ) ) Liberty Mutual Insurance Company ) Safeco Insurance Company, ) Montgomery Insurance Company, and Peerless Insurance Company ) Defendant(s). ) | FILED-CLERK OF COURT GREENVILLE CO. S.C. PAUL B. WICKENSIMER 2015 FEB 23 PM 12:54 |

That the Plaintiffs above named, complaining of the Defendants herein would show this Honorable Court the following:

### THE PARTIES

1. Plaintiffs Douglas James Wannemacher and Jamie Wannemacher (hereinafter "Plaintiff") are citizens and residents of Greenville County, South Carolina.

2. Defendants Liberty Mutual Insurance Company, Safeco Insurance Company, Montgomery Insurance Company, and Peerless Insurance Company (hereinafter "Defendants"), upon information and belief, are insurance companies organized and existing under the laws of the United States of America and transacting business throughout the state of South Carolina.

3. Jurisdiction and venue are proper in that the most substantial part of Defendant's acts and/or omissions giving rise to the cause of action occurred in Greenville County.

## BACKGROUND

4. At all relevant times to this action Plaintiff Douglas Wannemacher was employed as a Deputy Sheriff for the Greenville County Sheriff's Department.

5. On or about November 11, 2010 Plaintiff suffered a work related injury when he was involved in a motor vehicle accident where he suffered extensive personal injuries.

6. As a result of the accident Plaintiff Douglas Wannemacher suffered a permanent impairment to his neck and shoulder, lost income and has incurred $140,000 in medical expenses and will likely continue to incur medical expenses. Plaintiff Jamie Wannemacher has lost the companionship, consortium and services of her husband as a result of the injuries.

7. Plaintiff Douglas Wannemacher received workers compensation benefits including medical payments paid on his behalf by workers compensation, partial lost wage reimbursement and partial payment for permanent disabilities pursuant to SC Code Section 42-9-30. In addition, the third party driver who caused Plaintiffs injuries has tendered and paid her liability policy limits of $25,000 pursuant to a covenant not to execute signed by the plaintiffs. A portion of the liability proceeds were paid to the workers compensation carrier as partial reimbursement for sums paid under the workers compensation act for Plaintiff Douglas Wannemacher's work related losses.

8. The at fault third party (Redding) was insured for liability purposes by State Farm Automobile Insurance Company with policy limits of $25,000.

9. Plaintiff Douglas Wannemacher personally purchased underinsured motorist coverage on his personal vehicles from Defendants, in the amount of $250,000/$500,000 per vehicle. Plaintiffs had two vehicles on the policy. Plaintiffs are informed and believe the policy number was, at all times relevant herein, 33PW630297, said policy and declarations of coverages being incorporated herein by reference

10. The underinsured motorist coverage referenced above was sold to the plaintiff Douglas Wannemacher by the defendants pursuant to SC statutes. Said coverage was in full force at the time of the collision on November 11, 2010. Plaintiff has paid all premiums due for said coverage, including the above referenced underinsured motorist coverage.

11. The underinsured motorist coverage was triggered due to the deficiency of the at fault driver's liability coverage in that Plaintiffs damages exceeded the at fault drivers liability coverage.

12. Plaintiffs are informed and believe that the personal underinsured motorist coverage referenced above is applicable to the injuries sustained and should be paid to the plaintiffs under the policy due to losses sustained in excess of the liability coverage arising out of the collision that occurred on or about November 11, 2010.

13. Contrary to the assertions of the defendants, the underinsured benefits due are not subject to reduction, offset, set off or credit of any type due to Plaintiff Douglas

Wannemacher's receipt of workers compensation benefits arising out of the same collision.

14. Plaintiffs policy of insurance contains no provisions allowing a credit, set off, offset or reduction of any type against workers compensation benefits, and, further, any such provision, as to personal ( as opposed to employer purchased) policies of underinsured motorist insurance are void as being contrary to public policy and SC law.

## FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

15. Plaintiffs reallege each and every previous paragraph of the Complaint as though fully set forth herein.

16. This cause of action seeks a declaratory judgment pursuant to South Carolina Code Ann. § 15-53-30, and Rule 57 of the South Carolina Rules of Civil Procedure, for the purposes of determining whether Plaintiffs underinsured motorist coverage is applicable, and whether defendants are entitled to any offset, credit, setoff or reduction of any type due to the payment of workers compensation benefits.

17. Defendants' have denied Plaintiff benefits owed pursuant to his underinsured motorist policy despite producing no policy language calling for underinsured motorist coverage offset or excluding coverage for work related automobile accidents.

18. Additionally, it is specifically alleged that even if such policy provision exists, which is expressly denied, such provision would be void as unduly oppressive, against public policy and contrary to South Carolina common law and statutes.

19. It is specifically requested that this Court declare that:

   a. Plaintiff is entitled to underinsured motorist benefits;

   b. Defendant shall be bound by the policy of insurance it sold and delivered to the plaintiff in effect on November 11, 2010 and/or to the Insurance Policy produced in discovery in the course of Civil Action 2013-CP-23-05996;

   c. If any underinsured motorist coverage language or policy does exist that purports to entitle the defendants to any offset, credit, setoff or reduction in benefits due to the plaintiffs receipt of workers compensation benefits, that it is void because it is unduly oppressive, against public policy and contrary to the common law and statutes of the state of South Carolina;

   d. For reformation of the policy of insurance in accord with the above, including a declaration by the court that the defendants policy of insurance is applicable to the plaintiffs injuries without setoff, reduction, offset or credit of any type;

   e. Plaintiff is entitled to attorneys' fees and cost of this action; and

   f. For such other and further relief as this Court deems just and proper.

### FOR A SECOND CAUSE OF ACTION
(Equitable Estoppel)

20. Plaintiffs reallege each and every previous paragraph of the Complaint as though fully set forth herein.

21. Defendants' conduct of producing an insurance policy was calculated to convey the impression that underinsured motorist coverage applies and is inconsistent with Defendants' current position.

22. Defendants knew and/or expected that Plaintiffs would rely on Defendants representations and the insurance policy that has been produced.

23. Defendants have actual and constructive knowledge that they would try to claim that a different policy and accompanying language may apply.

24. Plaintiffs have no knowledge or means to know of any inconsistent language because Defendants have refused to produce such policy.

25. Plaintiffs were reasonable in relying on the conduct of Defendants by pursuing this lawsuit and seeking benefits owed under the policy.

26. Plaintiffs have detrimentally changed their position in that they would be prejudiced and injured if Defendant was allowed to substitute any other policy than the one produced in discovery. Accordingly, Plaintiffs are entitled to reformation of the policy of insurance in accord with the above and injunctive and declaratory relief prohibiting the defendants from claiming any reduction in amounts due to the plaintiffs as a result of the receipt of workers compensation benefits.

WHEREFORE, Plaintiffs pray for judgment against the defendants as outlined above including declaratory and injunctive relief prohibiting the defendants from asserting or claiming a credit, offset, setoff or reduction in underinsured motorist benefits due to the Plaintiffs as a result of the receipt of workers compensation benefits, for reformation of the policy of insurance, for attorneys fees and cost of this action and for such other and further relief as the court may deem just and proper.

Respectfully submitted,

CHRISTIAN & DAVIS,

*[signature]*

RICHARD V DAVIS
S.C. Bar No: 1589
Attorney at Law
1007 East Washington Street
P.O. Box 332
Greenville, SC 29602
(864) 232-7363
**ATTORNEY FOR PLAINTIFFS**

Greenville, South Carolina
Dated: 2/20/15